**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: January 13, 2023
Date Decided: April 13, 2023

Gregory W. Hauswirth, Esquire
Carothers & Hauswirth LLP
1007 North Orange Street, 4th Fl.
Wilmington, DE 19801

> Re: *D. Jackson Milhollan v. Live Ventures, Inc.*,
> C.A. No. 2022-0915-PAF

Dear Counsel:

On October 10, 2022, plaintiff D. Jackson Milhollan ("Plaintiff") filed a one-count complaint (the "Complaint") asserting a breach of contract claim against defendant Live Ventures, Incorporated ("LVI" or "Defendant").[1] The Complaint seeks money damages. On December 26, 2022, Plaintiff filed a motion for a default judgment (the "Motion") due to the Defendant's failure to respond to the Complaint.[2]

---

[1] Citations to the docket in this action are in the form of "Dkt. [#]." In citations, the Complaint in this action, Dkt. 1, will be cited as "Compl."

[2] On October 28, 2022, Plaintiff requested that the Register in Chancery issue a summons to be served on Defendant by special process server. Dkt. 3. The letter indicated that service would be made on the Defendant's registered agent in Delaware, Corporation Trust Company. *Id*. at 2. The Register in Chancery issued a summons to a special process server on November 1, 2022. Dkt. 4. The court has no way to verify through the filings in this

On December 28, 2022, the court issued a letter order that questioned whether this court has subject matter jurisdiction over this action.[3] The court deferred consideration on the Motion and requested a supplemental submission to address subject matter jurisdiction. On January 13, 2023, Plaintiff filed an eight-page memorandum of law responding to the court's request (the "Memorandum").[4] The Memorandum maintains that this court has subject matter over this dispute. Having carefully reviewed the Memorandum, the court must dismiss this action for lack of subject matter jurisdiction.

## I.  BACKGROUND

Precision Industries, Inc. ("Precision"), a Pennsylvania corporation, and LVI are parties to a merger agreement, dated as of July 14, 2020 (the "Merger

---

case whether LVI, a Nevada corporation, has a registered agent in Delaware. Assuming that it does, there is no return of service on the docket indicating that LVI's registered agent was ever served with the summons and Complaint.

[3] Dkt. 6. *See* Ct. Ch. R. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action." (emphasis added)); *Envo, Inc. v. Walters*, 2009 WL 5173807, at \*4 n.10 (Del. Ch. Dec. 30, 2009) ("The issue of subject matter jurisdiction is so crucial that it may be raised . . . by the court *sua sponte*."), *aff'd*, 2013 WL 1283533 (Del. Mar. 28, 2013) (TABLE); *Int'l Bus. Machs. Corp. v. Comdisco, Inc.*, 602 A.2d 74, 77 n.5 (Del. Ch. 1991) ("[U]nlike many jurisdictions, judges in the Delaware Court of Chancery are obligated to decide whether a matter comes within the equitable jurisdiction of this Court regardless of whether the issue has been raised by the parties.").

[4] Dkt. 7. The Memorandum is cited as "Mem."

Agreement"). Compl. Ex. A. Pursuant to the Merger Agreement, LVI acquired Precision. Plaintiff is the representative of the stockholders of Precision under the Merger Agreement. The Merger Agreement contemplated that part of the consideration to be paid in the merger would be held back and paid at a later date. The Merger Agreement refers to this as the "Indemnity Holdback Amount" of $2.5 million. *Id*. at 8. Plaintiff alleges that the Indemnity Holdback Amount was due and owing in full to the Plaintiff by January 31, 2022. Compl. ¶¶ 8–10. LVI has informed Plaintiff that LVI will not pay the Indemnity Holdback Amount and, in fact, has not paid it. *Id*. ¶¶ 11–12.

The Complaint alleges that LVI's failure to pay the Indemnity Holdback Amount breached the Merger Agreement. Plaintiff alleges that he "has and will continue to suffer direct and indirect damages as a result of the Defendant's breach of the Merger Agreement, in the amount of the [Indemnity] Holdback [Amount] and consequential or special damages, in addition to interest, the costs of litigation, and reasonable attorney fees." *Id*. ¶ 16.

## II.    ANALYSIS

The Court of Chancery is "proudly a court of limited subject matter jurisdiction." *Crown Castle Fiber LLC v. City of Wilm.*, 2021 WL 2838425, at *1 (Del. Ch. July 8, 2021). This court may acquire subject matter jurisdiction in any

one of three ways: (i) the assertion of an equitable claim; (ii) a request for equitable relief; and (iii) by statutory grant. *Candlewood Timber Gp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004). Plaintiff does not contend that the Complaint asserts an equitable claim or that there is a statutory basis for jurisdiction.[5]

The Complaint alleges that the Merger Agreement itself establishes exclusive jurisdiction in this court. Section 11.12 of the Merger Agreement provides that any claims, actions, and proceedings that arise from or relate to the Merger Agreement "shall be heard and determined exclusively in the Court of Chancery of Delaware" and that the parties submit to the exclusive jurisdiction of this court. Compl. Ex. A §11.12. This provision does not establish subject matter jurisdiction in this court. "It is . . . well-established Delaware law that parties cannot confer subject matter jurisdiction upon a court." *Butler v. Grant*, 714 A.2d 747, 749–50 (Del. 1998); *see also Bruno v. W. Pac. R.R. Co.*, 498 A.2d 171, 172 (Del. Ch. 1985) ("The parties to

---

[5] Section 111 of the Delaware General Corporation Law does not provide a basis for statutory jurisdiction because none of the parties to the merger agreement is a Delaware entity. *See Darby Emerging Mkts. Fund, L.P. v. Ryan*, 2013 WL 6401131, at *7 (Del. Ch. Nov. 27, 2013) ("To the extent Section 111 is ambiguous with respect to its application to foreign entities, the synopsis appears to resolve that ambiguity by limiting Section 111's application to Delaware corporations."); 1 Robert S. Saunders *et al.*, *Folk on the Delaware General Corporation Law* § 111.01 (7th ed. 2022) ("The application of section 111 is limited to Delaware corporations.").

an action may not confer subject matter jurisdiction by agreement."), *aff'd*, 508 A.2d

72 (Del. 1986) (TABLE).

The Complaint asserts a claim for breach of contract and seeks money

damages, a classic legal claim where there exists an adequate remedy at law. *See*

*Candlewood Timber Gp., LLC v. Pan Am. Energy, LLC*, 2003 WL 22417235, at \*2

(Del. Ch. Oct. 22, 2003) (holding the Court of Chancery lacked subject matter

jurisdiction over a breach of contract claim seeking money damages), *aff'd in*

*pertinent part and rev'd in part*, 859 A.2d 989 (Del. 2004); *Prestancia Mgmt. Gp.,*

*Inc. v. Va. Heritage Found., II LLC*, 2005 WL 1364616, at \*4 (Del. Ch. May 27,

2005) ("Damages for breach of a contract . . . are available at law."). The Complaint

does not allege that the Plaintiff lacks an adequate remedy at law.

In an attempt to establish a jurisdictional hook, Plaintiff points to the

Complaint's catchall phrase seeking "other relief as the Court deems equitable, just,

and proper." Compl. at 5 (Prayer for Relief (ii)). Plaintiff then tries to leverage this

vague and nonspecific plea for other equitable relief as encompassing a prayer for a

constructive trust. Mem. 2–3 ("[I]t is readily apparent that the Complaint plausibly

sets forth the facts necessary to support claims for the legal remedy of a constructive

trust based upon a breach of trust."). There is no merit to this argument. First, the

words "constructive" and "trust" are nowhere to be found in the Complaint. Plaintiff

cannot insert those words or a request for equitable relief into the Complaint through his Memorandum. *See Parseghian v. Frequency Therapeutics, Inc.*, 2022 WL 2208899, at *8 n.75 (Del. Ch. June 21, 2022) ("Plaintiffs cannot amend their Complaint through their brief."). Second, the mere request for a form of equitable relief does not confer equity jurisdiction where, as here, the Plaintiff has an adequate remedy at law. "'[W]hen there exists an adequate and sufficient remedy at law, a claim cannot be converted to a cause in equity by the mere invocation of a formulaic prayer for traditional equitable relief.'" *Intel Corp. v. Fortress Inv. Gp., LLC*, 2021 WL 4470091, at *5 (Del. Ch. Sept. 30, 2021) (quoting 1 Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 2.03[a], at 2–3 (2021)); *see also*, *e.g.*, *Yu v. GSM Nation, LLC*, 2017 WL 2889515, at *4 (Del. Ch. July 7, 2017) (dismissing complaint that included a request for constructive trust and other equitable remedies where the complaint's primary remedy sought money damages and plaintiff did not allege or argue that a money judgment from the Superior Court would not provide a full, fair, and complete remedy).

## III. CONCLUSION

The Complaint alleges a claim for breach of contract claim and seeks money damages. Plaintiff has asserted a legal claim seeking relief that is compensable at

law by way of money damages. Plaintiff does not allege or argue otherwise.

Accordingly, this court lacks subject matter jurisdiction over this action, and the

Complaint must be dismissed.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor